OPINION
{¶ 1} On July 8, 2004, a complaint was filed charging appellant, David Frazier with assault, a misdemeanor in the first degree, in violation of R.C. 2903.13. Said charge arose from an incident wherein appellant punched Dennis Williams in the face.
 {¶ 2} A bench trial was held on October 6, 2004. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to thirty days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred in failing to apply the appropriate legal principals of self defense and that there is no duty to retreat in one's home."
 II {¶ 5} "The trial courts decision finding defendant guilty of assault is against the manifest weight of the evidence."
 I, II {¶ 6} Appellant claims the trial court's finding of guilty for assault ignored the legal principle of self-defense and was against the manifest weight of the evidence. We disagree.
 {¶ 7} Findings of fact or conclusions of law of the trial court were not requested. Therefore, it is impossible for this court to review the issue raised by appellant that the trial court disregarded the defense of self-defense. However, we are able to review the trial court's decision under the manifest weight of the evidence standard which would include any evidence presented on the issue of self-defense.
 {¶ 8} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 9} Appellant was convicted of assault in violation of R.C.2903.13 which states, "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 10} At the outset, it is important to note the issue of credibility or weight to be given to the testimony of each witness is left to the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The transcript provided for our review does not contain page numbers therefore, page citations are omitted.
 {¶ 11} The victim, Dennis Williams, testified he knocked on appellant's apartment door to talk to a friend, referred to as Mr. Garingburger/Mr. Danburger/Mike Duringburger, about a paint job. Mr. Williams was standing on the outside of the doorway of appellant's apartment on a concrete patio speaking with his friend when appellant approached the two and "straight shot out he hit me in the eye." Mr. Williams immediately left and subsequently went to the hospital. A police officer photographed his eye. State's Exhibit 1.
 {¶ 12} Appellant testified he had told Mr. Williams many times that he was not welcome on his property as he was a "crack head." When appellant observed Mr. Williams in his doorway, he told Mr. Williams to leave three or four times but instead, Mr. Williams took a step toward him. Thereafter, appellant struck Mr. Williams in the face. Appellant stated he hit Mr. Williams after he came across the threshold as he felt threatened by him. The door had been open the whole time.
 {¶ 13} Clearly, the decision of the trier of fact involved the credibility of these two witnesses. Obviously, the trial court found Mr. Williams to be more credible than appellant. Absent a showing of a manifest miscarriage of justice, we cannot substitute the trial court's decision with our own judgment.
 {¶ 14} The testimony of one witness is sufficient to prove a fact. Therefore, a finding of guilty upon the testimony of one witness, although it may be contradicted by another, is sufficient to support the finding if the trier of fact finds said witness more credible.
 {¶ 15} Upon review, we find the trial court did not lose its way in finding appellant guilty of assault.
 {¶ 16} Assignments of Error I and II are denied. Delaware County, App. No. 04CAC10071
 {¶ 17} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.
Farmer, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Delaware County, Ohio is affirmed.