OPINION *Page 2 
{¶ 1} On June 30, 2008, a complaint was filed charging appellant, Brian Dawson with assault, a misdemeanor of the first degree, in violation of R.C. 2903.13, and criminal damaging, a misdemeanor of the second degree, in violation of R.C. 2909.06. The charges arose from an incident where appellant punched Toby Centek several times about the face, head and arms. A bench trial was held in the matter on August 26, 2008.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 28, 2008, Toby Centek drove his pregnant, then-girlfriend, Lisa Evans to appellant's residence to retrieve her personal property. Appellant is Ms. Evans' ex-husband. Mr. Centek and appellant had never personally met, but had exchanged unpleasant telephone conversations. As the pair arrived, appellant exited the residence. Appellant walked around Mr. Centek's truck. Appellant punched the rear of the truck causing a dent. He then approached driver's side window, which had been rolled down. Appellant told Mr. Centek to exit the vehicle; Mr. Centek refused to do. When Mr. Centek turned to speak with Lisa Evans, appellant proceeded to punch Mr. Centek up to five times, causing injuries to the left side of Mr. Centek's head; the back of his head; and a bruise to his left arm.
 {¶ 3} Mr. Centek was able to leave the scene in his truck with Ms. Evans. The pair drove down the street and called the police. Officers Greg Dearth and Lisa Lowe of the Pataskala Police Department responded to the call. They took statements from both Toby Centek and Lisa Evans. The statements both corroborated that appellant had been the initial aggressor. Officer Dearth then interviewed appellant, who indicated Mr. *Page 3 
Centek was the aggressor. The officer also noted a smudge on appellant's nose, inconsistent with being caused by a punch. Further, appellant had abrasions on his knuckles. Photographs of the damage to Mr. Centek's truck and his physical injuries were admitted into evidence at trial.
 {¶ 4} Ms. Evans took the stand to testify. According to Ms. Evans, Mr. Centek insisted they go over to appellant's residence to pick up her personal property. Mr. Centek left the vehicle, and proceeded to the front door of the residence to speak to appellant. Ms. Evans was unable to hear what the pair was saying, however she testified that Mr. Centek began swinging first and appellant simply retaliated. Ms. Evans claimed that she had made a false statement concerning the events to the police on the day of the incident. Ms. Evans testified that she lied in her statement to prevent Mr. Centek from going to jail and leaving her pregnant with no place to stay. Ms. Evans stated that she did not change her story to protect appellant, but to tell the truth.
 {¶ 5} By judgment entry filed August 26, 2008, the trial court found appellant not guilty on the charge of criminal damaging, and guilty of assault. Appellant was fined $250.00 plus court costs, and sentenced to thirty (30) days in jail. Appellant timely appealed raising the following three assignments of error:
 {¶ 6} "I. THE VERDICT OF THE TRIAL COURT FINDING THE DEFENDANT-APPELLANT GUILTY OF MISDEMEANOR ASSAULT IN VIOLATION OF O.R.C. § 2903.13 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE REASONS FOR WHICH THE DECISION OF THE TRIAL COURT OF MUST BE REVERSED.
 {¶ 7} "II. THE VERDICT OF THE TRIAL COURT FINDING THE DEFENDANT-APPELLANT GUILTY OF MISDEMEANOR ASSAULT IN VIOLATION OF O.R.C. *Page 4 
§ 2903.13 WAS NOT SUPPORTED BY EVIDENCE SUFFICIENT ENOUGH TO SUSTAIN A CONVICTION FOR REASONS WHICH THE DECISION OF THE TRIAL COURT MUST BE REVERSED.
 {¶ 8} "III. THE DEFENDANT-APPELLANT ESTABLISHED BEYOND A PREPONDERANCE OF THE EVIDENCE AT TRIAL THAT HE ACTED IN SELF-DEFENSE ABSOLVING OF GUILT FOR MISDEMEANOR ASSAULT REASONS FOR WHICH THE DECISION OF THE TRIAL COURT MUST BE REVERSED."
 I., II. III. {¶ 9} In his three assignments of error, appellant claims the trial court's finding of guilty for assault ignored the legal principle of self-defense, was based upon insufficient evidence and was against the manifest weight of the evidence[1] . We disagree.
 {¶ 10} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenges questions whether the State has met its burden of persuasion." State v. Thompkins (1997), 78 Ohio St.3d 380, 390.
 {¶ 11} Sufficiency of the evidence is a question of law for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury. In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the *Page 5 
prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by State constitutional amendment on other grounds in State v. Smith (1997), 80 Ohio St.3d 89.
 {¶ 12} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine "whether, after viewing the evidence in the light most favorable to the prosecution,any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt ." Jackson v. Virginia (1979), 443 U.S.307, 319, 99 S.Ct.2781, 2789. (Emphasis in original); State v.Jenks, supra; State v Thompkins, supra, 78 Ohio St.3d at 386.
 {¶ 13} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.Cuyahoga Falls v. Scupholm (Dec. 13, 2000), 9th Dist. Nos. 19734 and 19735.
 {¶ 14} In State v. Thompkins, supra the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary."78 Ohio St.3d 380 at paragraph three of the syllabus.
 {¶ 15} Weight of the evidence addresses the evidence's effect of inducing belief. State v. Wilson, 713 Ohio St.3d 382, 387-88,2007-Ohio-2202 at ¶ 25-26; 865 N.E.2d 1264, 1269-1270. "In other words, a reviewing court asks whose evidence is more *Page 6 
persuasive — the state's or the defendant's? Even though there may be sufficient evidence to support a conviction, a reviewing court can still re-weigh the evidence and reverse a lower court's holdings." State v.Wilson, supra. However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, supra, 78 Ohio St.3d at 387. (Quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." State v.Thompkins, supra.
 {¶ 16} Employing the above standard, we believe that the state presented sufficient evidence from which the judge, as the trier of fact, could conclude, beyond a reasonable doubt, that appellant committed the offenses of assault.
 {¶ 17} In the case at bar, appellant was convicted of assault. R.C. 2903.13 provides, in relevant part:
 {¶ 18} "(A) No person shall knowingly cause or attempt to cause physical harm to another. . . ."
 {¶ 19} R.C. 2901.01 states, in relevant part:
 {¶ 20} "(A) As used in the Revised Code:
 {¶ 21} "* * *
 {¶ 22} "(3) `Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." *Page 7 
 {¶ 23} In the case at bar, appellant punched Mr. Centek up to five times, causing injuries to the left side of Mr. Centek's head; the back of his head; and his left arm. Photographs were admitted at appellant's trial graphically illustrating the injuries that the Mr. Centek received because of the altercation. Officer Dearth also observed blood on the left side of Mr. Centek's face; around his left ear; and on his left arm.
 {¶ 24} Viewing the evidence in the case at bar in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had caused physical harm to another.
 {¶ 25} R.C. 2901.22 defines "knowingly" as follows:
 {¶ 26} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 27} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v.Huff (2001), 145 Ohio App. 3d 555, 563, 763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v.McDaniel (May 1, 1998), Montgomery App. No. 16221, (citing State v.Elliott (1995), 104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 28} Appellant focuses on the issue of self-defense. Self-defense is a "confession and avoidance" affirmative defense in which the defendant admits the elements of the crime, but seeks to prove some additional element that absolves the *Page 8 
defendant of guilt. State v. White (Jan. 14, 1998), Ross App. No. 97 CA 2282. The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. In Re: Collier (Aug. 30, 2001), Richland App. No. 01 CA 5, citing State v. Caldwell (1992),79 Ohio App.3d 667. To establish self-defense in the use of non-deadly force, the accused must show that (1) he was not at fault in creating the situation giving rise to the altercation; (2) that he had reasonable grounds to believe and an honest belief, even though mistaken, that some force was necessary to defend himself against the imminent use of unlawful force, and (3) the force used was not likely to cause death or great bodily harm. State v. Vance, Ashland App. No. 2007-COA-035,2008-Ohio-4763 at ¶ 77. (Citing: In Re: Maupin (Dec. 11, 1998), Hamilton App. No. C-980094, unreported; Columbus v. Dawson (1986),33 Ohio App.3d 141, 142, 514 N.E.2d 908; R.C. 2901.05(A); State v. Walker (Feb. 20, 2001), Stark App. No. 2000CA00128). If any one of these elements is not proven by a preponderance of the evidence, the theory of self-defense does not apply. State v. Williford (1990), 49 Ohio St.3d 247,551 N.E.2d 1279.
 {¶ 29} In the case at bar, Mr. Centek testified unequivocally that he never got out of his truck. In fact, he never even released his seat belt. Appellant approached the seated victim, and asked the latter to get out of the vehicle. Mr. Centek refused, and when he turned to speak to the passenger, Mr. Centek was hit multiple times on the left side of his head; back of his head; and left arm.
 {¶ 30} Appellant's claim for self-defense is dependent upon the testimony of Lisa Evans. However, Ms. Evans testified completely opposite that of Mr. Centek, as well as her earlier written statement to the police. *Page 9 
 {¶ 31} The judge was in the best position to determine the credibility of witnesses, and his conclusion in this case is supported by competent facts. See State v. Burnside (2003), 100 Ohio St.3d 152, 154-55,797 N.E.2d 71, 74. Reviewing courts should accord deference to the trial court's decision concerning the credibility of the witnesses because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections that cannot be conveyed to us through the written record, Miller v. Miller (1988), 37 Ohio St. 3d 71. InSeasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 32} Clearly, the decision of the trier of fact involved the credibility of Mr. Centek and Ms. Evans. Obviously, the trial court found Mr. Centek to be more credible than Ms. Evans. Upon observing the testimony, candor, and demeanor of each witness the trial court concluded that Ms. Evans was not only "devoid of character," but that she is a liar. The trial judge stated, "The point is, I just didn't believe her. I can't recall in all my years, a single case where I disbelieved a person more." The court further stated that appellant failed to raise the defense of self-defense through his witness, and that there was no testimony to justify the application of self-defense. Absent a showing of a manifest miscarriage of justice, we cannot substitute the trial court's decision with our *Page 10 
own judgment. State v. Frazier, Delaware App. No. 04 CAC 10071,2005-Ohio-3766 at ¶ 13.
 {¶ 33} The testimony of one witness is sufficient to prove a fact. Therefore, a finding of guilty upon the testimony of one witness, although it may be contradicted by another, is sufficient to support the finding if the trier of fact finds said witness more credible.Frazier, supra at ¶ 14.
 {¶ 34} Upon review, we find sufficient credible evidence, if believed, to support the conviction, and no manifest miscarriage of justice. We find the trial court did not lose its way in finding appellant guilty of assault.
 {¶ 35} Appellant's three assignments of error are overruled, and his conviction in the Licking County Municipal Court is affirmed.
By: Gwin, P.J., Edwards, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs to appellant.
[1] The assignments of error are interrelated and will be addressed together. *Page 1