[Cite as *State v. Thomas*, 2019-Ohio-2104.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 29124 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THORNTON THOMAS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2018-02-0454-A |

DECISION AND JOURNAL ENTRY

Dated: May 29, 2019

HENSAL, Judge.

{¶1} Thornton Thomas appeals his convictions and sentence from the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In January 2018, A.C. came home from the store and, before she entered the home, noticed that the side door had been kicked in. When she looked inside, she saw a thin man holding two guns, one of which was being held to her minor son's head. A.C. heard that man threatening her son, telling him he was going to kill him and his family. She also saw a heavy-set man standing over her aunt and uncle, who were lying on the floor, holding two guns. Apparently undetected by the intruders, A.C. made eye contact with her son and motioned for him to stay quiet. She then called the police and ran to her neighbor's house.

{¶3} Prior to the police arriving, A.C. saw the two intruders walking nonchalantly down the street carrying a laptop bag, which she recognized as being taken from her home. She

and her neighbor called out to the intruders. When the intruders turned around, the thinner of the two men fired one shot at A.C. and her neighbor, striking the neighbor in the leg. The two men then fled on foot. Shortly thereafter, the police arrived and obtained descriptions of the intruders. Relevantly, the heavy-set man was described as having dreadlocks and wearing athletic shoes, jeans, a hooded sweatshirt, and a mask.

{¶4} After the police left, A.C. and her family packed their belongings, got into the car, and set out to find alternative lodging for the evening. While driving down the street, A.C. noticed the heavy-set intruder with dreadlocks, who had put jogging pants on over his jeans, at the gas station. She immediately called the police. When they arrived, the police questioned the suspect and found A.C.'s son's cell phone in his pocket. That suspect was identified as Mr. Thomas, who was taken into custody. Meanwhile, other officers continued to search the area for evidence related to the home invasion. Officers eventually located a hat, which contained Mr. Thomas's DNA, near the laptop bag that had been taken from A.C.'s home.

{¶5} A grand jury indicted Mr. Thomas on one count of aggravated robbery, one count of aggravated burglary, two counts of felonious assault – all with accompanying firearms specifications – as well as one count of receiving stolen property. The matter proceeded to a bench trial, which resulted in a verdict of guilty on all counts. Mr. Thomas now appeals, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION WAS BASED UPON INSUFFICIENT EVIDENCE TO SUSTAIN CONVICTION, AND THE TRIAL COURT ERRED BY DENYING APPELLANT'S CRIM.R. 29 MOTION.

**{¶6}** In his first assignment of error, Mr. Thomas asserts that his convictions were based upon insufficient evidence. We disagree.

**{¶7}** A sufficiency challenge of a criminal conviction presents a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Although we conduct de novo review, "we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120751, 2013-Ohio-4775, ¶ 33.

**{¶8}** In support of his assignment of error, Mr. Thomas argues, in part, that the State presented insufficient evidence to connect him to the underlying crimes. To that end, he argues that witnesses provided inconsistent testimony regarding the description of the heavy-set intruder, and that some of their testimony was inconsistent with their prior statements to the police. For example, he asserts that the testimony relative to the jeans and shoes the heavy-set intruder was wearing was inconsistent with what some of the witnesses told the police on the day of the incident. He also asserts that he provided testimony explaining how he acquired A.C.'s son's cell phone, which was part of a drug deal. These arguments, however, raise credibility issues and sound in weight, not sufficiency. *State v. Anderson*, 9th Dist. Summit No. 25377, 2011-Ohio-563, ¶ 8 ("Issues of credibility sound in weight, not sufficiency."). Importantly, both A.C. and her neighbor identified Mr. Thomas in court and testified that he was the heavy-set intruder. This was sufficient. *See State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, ¶ 177, citing *State v. Dawson*, 5th Dist. Licking No. 2008–CA–122, 2009-Ohio-2331, ¶ 33 ("[T]he

testimony of one witness, although it may be contradicted by another, is sufficient to prove a fact if the trier of fact finds that witness more credible[.]”).

{¶9}    Mr. Thomas also asserts that his convictions were not supported by sufficient evidence because he did not have a gun in his possession when the police stopped him at the gas station, and because the guns were never found.  His argument in this regard ignores the fact that witnesses identified him as one of the intruders, and that witnesses also testified that he was holding two guns during the home invasion.  Further, “the State need not actually recover the firearm” to prove that one was used during the commission of an offense.  *State v. Bush*, 9th Dist. Summit No. 21326, 2003-Ohio-4151, ¶ 8.  We, therefore, reject his argument.

{¶10} Mr. Thomas also challenges the sufficiency of the evidence as it relates to the mens rea required to support his conviction for complicity to commit felonious assault.  Revised Code Section 2903.11(A)(2), under which Mr. Thomas was charged, provides that “[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon[.]”  Section 2923.03 governs complicity, providing that “[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]”  R.C. 2923.03(A)(2).  As the Ohio Supreme Court has stated:

> To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal.

*State v. Johnson*, 93 Ohio St.3d 240 (2001), syllabus.  “Such criminal intent can be inferred from the presence, companionship, and conduct of the defendant before and after the offense is committed.”  *In re T.K.*, 109 Ohio St.3d 512, 2006-Ohio-3056, ¶ 13.

{¶11} Here, there is no dispute that the thinner of the two intruders, not Mr. Thomas, fired his gun at A.C. and her neighbor. Mr. Thomas argues that the record reflects that he did nothing to encourage or participate in the shooting.

{¶12} The evidence presented at trial, if believed, indicates that Mr. Thomas entered A.C.'s home with the other intruder. Carrying one gun in each hand, the intruders held the occupants at gunpoint, and the thinner man threatened to kill A.C.'s minor son and his family. After taking certain items, they left the home and began walking down the street together. When A.C. and her neighbor called out to the men, they turned, and the thinner man drew his gun and shot at them, striking A.C.'s neighbor. The intruders then fled on foot together. Viewing the evidence of Mr. Thomas's presence, companionship, and conduct before and after the offense in a light most favorable to the State, we cannot say that the State presented insufficient evidence to support the charge for complicity to commit felonious assault. Mr. Thomas's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY REFUSING TO MERGE THE TWO COUNTS OF FELONIOUS ASSAULT.

{¶13} In his second assignment of error, Mr. Thomas argues that the trial court erred by not merging the two convictions for felonious assault. This Court disagrees.

{¶14} Revised Code Section 2941.25 "is the primary indication of the General Assembly's intent to prohibit or allow multiple punishments for two or more offenses resulting from the same conduct" and is "an attempt to codify the judicial doctrine of merger[.]" *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 11. It provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court interpreted Section 2941.25(B), explaining:

Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following are true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id.* at paragraph three of the syllabus. It also explained that offenses are of dissimilar import under Section 2941.25(B) if they involved "separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶15} Mr. Thomas argues that the trial court should have merged his convictions for felonious assault because they arose from the same statutory subsection (i.e., Section 2903.11(A)(2)), they involved a single act (i.e., the firing of the gun), and they were committed with the same animus. In response, the State argues that the felonious-assault counts were not subject to merger because they involved separate victims.

{¶16} A review of the indictment indicates that the felonious-assault counts pertained to separate victims: A.C. and her neighbor. Mr. Thomas's merit brief ignores this fact and – despite noting that the gunshot only struck A.C.'s neighbor – fails to explain why A.C. is not a separate victim for purposes of a merger analysis. *See Mahoney v. Mahoney*, 9th Dist. Medina No. 16CA0061-M, 2017-Ohio-7917, ¶ 9 ("It is the appellant's burden to affirmatively demonstrate error on appeal."). To the extent that his argument can be construed as asserting that one gunshot can only result in one victim, case law provides otherwise. *See*, *e.g.*, *State v. Phadphom*,

3d Dist. Crawford No. 3-96-11, 1996 WL 517387, *2, citing *State v. Mills*, 62 Ohio St.3d 357, 369 (1992) ("[A] defendant can be convicted of felonious assault if the victim is in the line of fire."); *State v. Scott*, 7th Dist. Mahoning No. 98 CA 124, 2001 WL 1122072, *1, 4 (concluding that one gunshot resulted in two victims); *State v. Stoddard*, 9th Dist. Summit No. 27426, 2015-Ohio-3750, ¶ 40 (concerning a pregnant victim and stating that "[a]lthough both deaths resulted from a single shot, [the defendant's] crimes were of dissimilar import."). Because Mr. Thomas has not established that the trial court erred by not merging the felonious-assault counts, we overrule his second assignment of error.

### III.

{¶17} Mr. Thomas's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.