

## In re T.K.

[Cite as *In re T.K.,* 109 Ohio St.3d 512, 2006-Ohio-3056.]

(No. 2005–1215—Submitted March 14, 2006—Decided July 5, 2006.)

_____

_____

ALICE ROBIE RESNICK, J.

{¶ 1} In the early evening of July 30, 2003, Carolyn Pinson and members of her family gathered at her home for a birthday celebration. Several members of a local gang, Seven All, walked down Pinson's street, stopping in front of her home. The members of Seven All had come to the house in search of one of Carolyn Pinson's nephews, who had been previously involved in an altercation with a member of the gang. Witnesses testified to seeing a handgun passed between members of the gang and to hearing the appellee, T.K., a minor, shout out "Shoot" and "Shoot the [expletive]." Shots were fired, and Carolyn Pinson, her minor nephew, D.W., and a neighbor, Julio Hines, were wounded.

{¶ 2} Appellee, T.K., was charged with three counts of delinquency by having committed a violation of law that, if committed by an adult, would be felonious assault in violation of R.C. 2903.11(A)(2) and one count of a violation that, if committed by an adult, would be aggravated riot in violation of R.C. 2917.02(A)(2). All charges against the appellee contained a one-year and a three-year firearm specification and a gang specification.

{¶ 3} After a trial, the juvenile court found the appellee to be delinquent on two counts of felonious assault for the shootings of Pinson and her nephew, D.W., and delinquent on one count of aggravated riot with a one-year firearm specification

and a gang specification. In reaching its decision, the court reasoned that the appellee knew that a gun was present at the scene and that he specifically intended his words to be put into action. Further, although the court expressed some uncertainty as to which victim the appellee's words were intended to target, the court found that the state sufficiently showed transferred intent to support the court's finding of complicity to commit felonious assault. The juvenile court committed the appellee to the institutional care of the Ohio Department of Youth Services for a minimum of 30 months, not to exceed his attainment of 21 years of age.

{¶ 4} The appellee appealed his convictions to the Eighth District Court of Appeals. The appellate court unanimously upheld the appellee's conviction for aggravated riot, but a majority reversed his convictions on the two counts of felonious assault. *In re T.K.,* 8th Dist. No. 84934, 2005-Ohio-2321, ¶ 16. The majority determined that the evidence presented was "so riddled with conflicting testimony" that the juvenile court could not identify the principal or determine the intended target. Id. at ¶ 10. Consequently, a majority of the appellate court held that the evidence presented was insufficient to support the appellee's convictions of felonious assault. Id. at ¶ 11.

{¶ 5} The dissenting judge asserted that the juvenile court's findings of delinquency on the charges of felonious assault were proper under the principle of complicity by aiding and abetting, given evidence that the appellee had actively encouraged a member of his gang to shoot at someone associated with Carolyn Pinson at her home. Id. at ¶ 20, 22. The dissenter argued that the juvenile court's uncertainty over the identity of the specific target of the shooter was not fatal to the court's finding of delinquency, because the juvenile court had determined that the appellee knew that members of his gang had a gun at the scene and that he acted with the specific intent to harm someone. Id. at ¶ 19.

{¶ 6} The cause is now before our court pursuant to our acceptance of a discretionary appeal.

{¶ 7} Ohio's complicity statute, R.C. 2923.03, reads:

{¶ 8} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

{¶ 9} "* * *

{¶ 10} "(2) Aid or abet another in committing the offense.

{¶ 11} "* * *

{¶ 12} "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

{¶ 13} This court has held that the state need not establish the identity of the principal in order to convict an offender of complicity. *State v. Perryman* (1976), 49 Ohio St.2d 14, 3 O.O.3d 8, 358 N.E.2d 1040, paragraph four of the syllabus. Rather, "[to] support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson* (2001), 93 Ohio St.3d 240, 754 N.E.2d 796, syllabus. Such criminal intent can be inferred from the presence, companionship, and conduct of the defendant before and after the offense is committed. Id. at 245, 754 N.E.2d 796.

{¶ 14} As these precedents indicate, the identity of the principal is not an element that the state must prove to establish the offense of complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2). Therefore, the juvenile court's inability to identify the principal did not prevent it from finding the appellant delinquent on the two counts of felonious assault. The juvenile court evaluated the evidence and determined that the appellee was more than a mere bystander at the scene of the shootings. Specifically, the court found that the appellee was guilty of the two counts of felonious assault because he knew that a member of his gang possessed a gun at the scene, and with that knowledge and the specific intent to cause harm, he actively encouraged the shooter to shoot at someone at Pinson's home.

{¶ 15} Further, under the doctrine of transferred intent, an offender who intentionally acts to harm someone but ends up accidentally harming another is criminally liable as if the offender had intended to harm the actual victim. See *State v. Solomon* (1981), 66 Ohio St.2d 214, 217, 20 O.O.3d 213, 421 N.E.2d 139; *State v. Sowell* (1988), 39 Ohio St.3d 322, 332, 530 N.E.2d 1294. We hold that the doctrine of transferred intent applies in complicity cases.

{¶ 16} The juvenile court's uncertainty over the identity of the intended targets in this case is essentially immaterial. If the victims were the intended targets, the appellee, as an aider and abettor, can be prosecuted and punished as if he were the shooter. R.C. 2923.03(F). Moreover, even if the victims were not the intended targets, under the doctrine of transferred intent, the appellee is as criminally culpable for the harm caused to the actual victims as he would be if they had been the intended targets.

{¶ 17} Overall, we must emphasize that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. In this case, the juvenile court evaluated the evidence, determined that the appellee had actively encouraged a member of his gang to shoot at

someone at the Pinson home with the specific intent to cause harm, and found that the state had sufficiently showed transferred intent to support the court's finding of complicity in two counts of felonious assault. The juvenile court's inability to identify the principal or determine the intended targets did not weaken the court's findings so as to prevent the court's adjudication of the appellee as delinquent on the charges of felonious assault.

{¶ 18} Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

_____

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kristen L. Lusnia, Assistant Prosecuting Attorney, for appellant, state of Ohio.

Jodi M. Wallace, for appellee, T.K.