NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0872n.06

No. 06-3141

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 09, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| BERNARD JOHNSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| MARGARET BRADSHAW, Warden, | ) | |
| | ) | O P I N I O N |
| Respondent-Appellee. | ) | |

Before:     BOGGS and McKEAGUE, Circuit Judges; and WATSON, District Judge.[*]

**McKEAGUE, Circuit Judge.**  Petitioner Bernard Johnson, an Ohio prisoner proceeding

through counsel, appeals a district court judgment denying his petition for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254.  We find the district court's opinion thorough, well-reasoned,

and correct. We affirm the district court's denial of Petitioner's habeas corpus petition.

This case arises from Petitioner's burglary of the homes of two different elderly women.  On

August 4, 2000, Mildred Paul, 82, was robbed by two men after one impersonated a police officer

to gain access to her home.  One of the men ripped her telephone off the wall to hinder police

response before he left.  Then on August 14, 2000, Margaret Daus, 90, was robbed by three men; one

guarded Daus and the others ransacked the house.  Petitioner's fingerprints were lifted from Paul's

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District
of Ohio, sitting by designation.

dresser and Daus' cedar chest. A jury convicted Petitioner of burglary, kidnapping, theft, impersonating a peace officer, and disrupting public service. He was sentenced to a total of 21 years in prison. *State v. Johnson,* Nos. 81692, 81693, 2003 WL 21419631 (Ohio Ct. App. June 19, 2003).

After exhausting the direct appeal process, Petitioner filed a petition for a writ of habeas corpus in the Northern District of Ohio. Petitioner asserted the following nine grounds for relief: (1) he was denied the right to a speedy trial; (2) he was denied a fair trial because a witness brought up his prior arrest record; (3) he was denied his right to confrontation when police officers testified about statements made by the victims; (4) the fingerprint expert witness was allowed to testify without sufficient basis or background in violation of due process, and Petitioner was improperly required to give a fingerprint sample during trial; (5) he was denied a fair trial when the trial court amended the indictment by giving erroneous jury instructions; (6) he was denied a fair trial when the court assumed the existence of facts; (7) he was denied due process when the trial court failed to identify a culpable mental state for the crime of impersonating a police officer, gave confusing and conflicting jury instructions as to the elements of the offense, and refused to define terms needed for a determination of the elements of the offenses submitted to the jury; (8) Petitioner was denied due process when the court overturned his motion for judgment of acquittal; and (9) he was improperly subjected to multiple punishments when the court did not merge the various offenses.

The magistrate judge issued a Report and Recommendation finding all of Petitioner's claims either meritless or procedurally defaulted. The district court adopted the Magistrate Judge's Report and Recommendation, but found that "jurists of reason could differ on the issue of whether Petitioner's discussion of the jury instructions with the court could have constituted an objection."

No. 06-3141
*Johnson v. Bradshaw, Warden*

On appeal from the denial of habeas corpus relief, we review the district court's legal conclusions and factual findings de novo. *Magana v. Hofbauer*, 263 F.3d 542, 546 (6th Cir. 2001); *Wolfe v. Brigano*, 232 F.3d 499 (6th Cir. 2000).

We granted a certificate of appealability as to Petitioner's count (7) concerning the jury instructions. On appeal, Petitioner claims that the jury instructions were deficient regarding the culpable mental state for impersonating a police officer, the instructions were confusing and omitted elements of complicity, and they failed to provide the statutory definitions of elements of the offenses. Specifically, Petitioner claims that the trial court (a) failed to identify and instruct the jury on the required culpable mental state to convict him of impersonating a police officer; (b) failed to instruct the jury on the culpable mental state required for a complicity conviction and the requirement that there be an identifiable principal in the conspiracy; and (c) failed to give the statutory definitions of "force" and "trespass" within the burglary charge.

Federal habeas relief may not be granted for a claim adjudicated on its merits in state court unless the state court's decision "was contrary to" clearly established federal law, "involved an unreasonable application of" that law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.' The petitioner carries the burden of proof." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted).

A federal court may not reach the merits of claims if they have been procedurally defaulted in state court by a state prisoner, absent cause and prejudice or a finding of actual innocence. *Reed v. Farley*, 512 U.S. 339, 354-55 (1994); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A state prisoner's federal claim is defaulted if he fails to comply with a state procedural rule, such as a contemporaneous objection rule. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). In the instant case, Ohio's contemporaneous objection rule constitutes a state procedural bar to Petitioner's federal habeas review.

To determine if a federal habeas claim is precluded by a petitioner's failure to observe a state procedural requirement, an analysis must be conducted using the test this court set forth in *Maupin v. Smith*, 785 F. 2d 135 (6th Cir. 1986). *Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir. 1998). Under *Maupin*, a reviewing court must determine (1) whether "there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule;" (2) "whether the state courts actually enforced the state procedural sanction;" and (3) "whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim." *Maupin*, 785 F.3d at 138. If these three prerequisites are present, then the cause-and-prejudice test is applicable for the court to determine if a procedurally defaulted claim in state court is barred from federal habeas review.

Under the *Maupin* cause-and-prejudice test, a claim that is procedurally defaulted in state court will not be reviewed in federal habeas corpus *unless* the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or that failure to consider the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

For cause to be established, the petitioner must present a substantial reason to excuse the default. *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) ("Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))).  In addition to cause, the petitioner must show that he was actually prejudiced  because of the claimed constitutional error. *United States v. Frady*, 456 U.S. 152 at 170; *Maupin*, 785 F.2d at 139.  To overcome procedural default, the petitioner has the burden of showing cause and prejudice.  *Lucas v. O'Dea*, 179 F.3d 412 (6th Cir. 1999) (citing *Coleman*, 501 U.S. at 754).

There is no dispute that Petitioner failed to overtly object to the jury instructions.  Since Petitioner had an opportunity to, but failed to, object at a time when a curative instruction could have been given, his claims are barred by Ohio's contemporaneous objection rule. *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 123 (1987) ("An appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.").

Petitioner argues that discussions between counsel and the court were sufficient to make the court aware of the relevant law and note the defendant's objections, citing *State v. Wolons*, 541 N.E.2d 443, 446 (Ohio 1989).  We disagree.  In *Wolons*, the court held that instruction errors were preserved because defendant's counsel and the trial court had an "extensive discussion of the cases relevant to the issue," and it was "clear that the trial court understood his objection to the court's refusal to so instruct," so there was no need for a formal objection.  *Id.*  This case is more like *Parker*, where defense counsel merely voiced some concern with the jury instructions but failed to

clearly object when the trial court subsequently asked about the parties' concerns, so the error was not preserved for appeal. *State v. Parker*, 2005 WL 3489875, at ¶ 16-17 (Ohio Ct. App., Dec. 16, 2005). As the district court explained in adopting the Report and Recommendation of the Magistrate Judge:

> Petitioner's counsel initially challenged some of the court's instructions prior to delivering them to the jury, but after discussion with the prosecution and the court, counsel appeared to have relented any prior challenge. Further, defense counsel did not formally object to the instructions when the trial court went over the elements of each of the offenses in the jury instructions. In fact, when the trial court asked the prosecution and defense counsel if the court needed to make any modifications to the jury instructions, the only item that defense counsel point[ed] out was that the court should make clear to the jury that all of the elements of proof were in dispute. The trial court granted this request and so advised the jury.

Petitioner's discussions with the trial court concerning the jury instructions were not clearly understood by the court to be standing objections. The record reveals that defense counsel questioned some jury instructions, but ultimately accepted the court's determination as to each point. (Appendix, 12/28/2011, Transcript Vol. II at 321-332.) Petitioner's counsel did not cite any case law, attempt to persuade the court to his point of view, or express his disapproval with the court's decisions in the brief discussion of the charge or at any point afterward. *Id.* Accordingly, Ohio's contemporaneous objection rule constitutes a state procedural bar to Petitioner's claim.

Consequently, Petitioner satisfies the three prerequisites for enforcing the cause and prejudice test. The first prerequisite is met because Petitioner clearly violated a state procedural rule when he did not object to the alleged errors at trial as is required by Ohio law under the contemporaneous objection rule. The second prerequisite is also satisfied because the appellate court actually enforced this procedural sanction against Petitioner. Lastly, the third prerequisite is met as the Sixth Circuit

has found Ohio's contemporaneous objection rule to constitute an adequate and independent state ground that forecloses federal habeas review absent a showing of cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). *See also Palmer v. Bagley*, 330 F. App'x 92, 101 (6th Cir. 2009).

As a result of all the prerequisites being met, the only way for Petitioner to avoid procedural default is by demonstrating cause for his failure to comply with Ohio law as well as actual prejudice resulting from the alleged constitutional violation or by a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner alleges no cause and prejudice to satisfy the test, and he fails to assert a fundamental miscarriage of justice. For these reasons, we hold that Petitioner has procedurally defaulted this claim, precluding it from federal review.

Even if Petitioner's alleged jury instruction errors had been preserved for appeal, they do not represent plain error, nor are they a sufficient basis for habeas corpus relief. Plain error requires "(1) error, (2) that is plain, and (3) that affect[s] substantial rights" of the Petitioner. *U.S. v. McDaniel*, 398 F.3d 540, 547 (6th Cir. 2005). Specifically, jury instructions must "so infect . . . the entire trial that the resulting conviction violates due process" to warrant federal habeas corpus relief. *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). The Ohio Court of Appeals overruled each of Petitioner's assignments of error. Because the district court found Petitioner's claims to be procedurally defaulted, it did not address the merits of Petitioner's jury instruction claim.

We find no plain error in the jury instructions sufficient for reversal because, even assuming error, the Petitioner has not made a showing that his substantial rights have been affected. Further, Petitioner is not entitled to relief under the highly deferential standard of AEDPA because the state

court's decision was neither contrary to clearly established federal law nor involved an unreasonable application of the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

Petitioner argues that it was error for the jury instructions to omit the applicable culpable mental state for impersonating a police officer, a violation of OHIO REV. CODE ANN. § 2921.51(B) (West 2011). Impersonating an officer is a strict-liability crime. *See State v. Cheraso*, 540 N.E.2d 326, 328-29 (Ohio Ct. App. 1988) (holding that if no culpable mental state is specified in the statute, the legislature intended the crime to be strict liability). Petitioner's argument is without merit because no such instruction was appropriate. *Id.*

Next, Petitioner argues that the jury instructions were conflicting and omitted essential elements of the offense. In particular, Petitioner claims error stemming from the trial court's failure to specify in the complicity instruction the requirement that there be an identifiable, named principal offender before aiders or abettors could be convicted, and failure to instruct on the culpable mental state required. However, the instructions did specify that there must be a principal offender and that the offender must have had the intent to complete the underlying crime (("If a person aids or assists *the person committing the offense* . . ." he "does so for the purpose of accomplishing that offense") (Appendix, 12/28/2011, Transcript Vol. II at 323).

The parties agreed to the language used in the jury charge, though it was not exactly the same as the wording found in the statute. *See* OHIO REV. CODE ANN. § 2923.03 (West 2011). The small divergence from the statutory language is certainly not sufficient to so "infect" Petitioner's entire trial that due process was violated. Further, pursuant to OHIO REV. CODE ANN. § 2923.03(C) (West 2011), the State need not establish the principal's identity, but must prove only that *a* principal

committed the offense *In re T.K.*, 849 N.E.2d 286, 288 (Ohio 2006). This argument is likewise without merit because the complicity instructions were proper.

Petitioner's remaining challenge is that it was error for the trial court to fail to give the statutory definitions of terms needed for a determination of the offense's elements, specifically "force" and "trespass" as they relate to the crime of burglary. Definitions for each of these terms were given in the jury instructions. (Appendix, 12/28/2011, Transcript Vol. II at 356.) The court defined "force" as "the amount that's sufficient to accomplish the entry where entry would not otherwise have occurred," which is substantially the same as the statutory definition. *Id.* The definition given for trespass, "[o]ne trespasses when he enters upon property of another without the permission of a person authorized to give permission," was likewise substantially similar to the statutory definition. *Id.* Because words like "force" and "trespass" are terms easily understood by the average juror, these changes in wording do not "infect" the trial so as to violate due process.

For all of the above reasons, the denial of habeas corpus is affirmed.