[Cite as *State v. Okey*, 2022-Ohio-1541.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| BRANDON OKEY | : | Case No. 21 CA 0025 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Municipal Court,
                             Case No. CRB 2100354A


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            May 4, 2022


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

WILLIAM H. FERGUSON                       MARK A. PERLAKY
150 Highland Avenue                       120 N. Broadway Street
Suite 2                                   New Philadelphia, OH  44663
Cambridge, OH  43725

*Wise, Earle, P.J.*

{¶ 1}   Defendant-appellant Brandon Okey appeals his August 25, 2021 conviction in the Cambridge Municipal Court, Guernsey County, Ohio after the trial court found him guilty of one count of Domestic Violence, a misdemeanor of the first degree. Plaintiff-appellee is the state of Ohio.

Facts and Procedural History

{¶ 2}   On Sunday evening May 2, 2021, appellant showed up at his ex-wife M.B.'s home unannounced and intoxicated. Appellant knocked at the door and his two children, ages 13 and 9 answered the door. Appellant had not exercised his visitation with his children in several months, and in any event, Sunday evenings were not included in appellant's visitation.

{¶ 3}   M.B. arrived at the front door shortly after her children and observed appellant trying to convince the children to come outside. M.B. advised that would not be happening. She attempted to shut the door and appellant put his hand in the way. M.B. yelled she was shutting the door, but appellant pushed the door open and put his foot in the doorway. The children were still present, scared and crying.

{¶ 4}   M.B.'s husband A.B. then came to the door, advised appellant he was not coming in the house and pushed him back out of the house. Appellant stumbled backwards off of the porch and fell. Appellant got up threatening to kill A.B. who remained standing in the doorway of the home. Appellant threw a punch at A.B. striking him in the side of his head, but also striking M.B., who was standing close to her husband, in the shoulder. The blow later produced bruising to M.B.'s shoulder. After A.B. pushed appellant out of the house and locked the door, M.B. called the sheriff's department.

{¶ 5}   Deputy Devin Ryan of the Guernsey County Sheriff's Department arrived shortly thereafter and found M.B. and A.B. standing outside appearing distressed and upset. After taking statements for both, Ryan went to appellant's home and found appellant visibly intoxicated. Appellant advised Ryan that he did not remember much, only that he had tried to see his children and was pushed down. Ryan arrested appellant and charged him with domestic violence and assault.

{¶ 6}   Appellant pleaded not guilty to the charges and elected to proceed to a bench trial which took place on August 25, 2021. The state presented testimony from A.B., M.B., Deputy Ryan, and a neighbor who came outside when he heard commotion. These witnesses provided the above outlined facts.

{¶ 7}   Appellant testified on his own behalf. He stated he had been denied visitation by M.B. since the beginning of the year and had simply wanted to stop by and say hello to his children. Appellant also stated that since he had previously been welcomed in M.B. and A.B.'s home, he saw no harm in stopping by even though he knew it was not a day he would have had visitation.

{¶ 8}   According to appellant, he was hugging his daughter when A.B. came running to the door and shoved him causing him to fall. Appellant stated he scraped his hands and bruised his shoulder in the fall. He further testified he never attempted to get into the home, never touched the front door, and never threw a punch at A.B. He further testified M.B. never came to the door, and that he had not consumed any alcohol before he went to their home. M.B. and A.B.'s neighbor B.E., however, came out of his home approximately one minute after he started hearing an argument next door. He testified he saw appellant attempting to push his way into the house and heard A.B. and M.B. yelling

"get out, get out." He saw A.B. blocking the entrance and then pushing appellant backwards. B.E. testified he did not see appellant throw a punch.

{¶ 9}   After hearing the evidence, the trial court acquitted appellant of assault, but convicted him of domestic violence. Appellant was sentenced to a suspended jail term and 12 months of community control.

{¶ 10} Appellant filed an appeal and the matter is now before this court for consideration. He raises one assignment of error for our consideration as follows:

I

{¶ 11} "THE TRIAL COURT'S VERDICT OF GUILTY ON THE COUNT OF DOMESTIC VIOLENCE WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 12} In his sole assignment of error, appellant argues his conviction for domestic violence is against the manifest weight and sufficiency of the evidence. We disagree.

{¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the

conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 14} Appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A). To prove its case the state was required to show appellant knowingly caused or attempted to cause physical harm to a family or household member. A person acts knowingly, regardless of purpose, when the person is aware that his conduct will probably cause a certain result or will be of a certain nature. R.C. 2901.22(B).

{¶ 15} Appellant argues the state failed to prove he acted knowingly. While he maintains he never threw a punch at A.B., he argues even if he did, A.B. was his target, not M.B. and any harm to M.B. was inadvertent. Under the doctrine of transferred intent, however, even if the victim was not the intended target, a defendant is as criminally culpable for the harm caused to the actual victim as he would be if the victim had been the intended target. *In re T.K.*, 109 Ohio St.3d 512, 2006-Ohio-3056, 849 N.E.2d 286, ¶ 16

{¶ 16} According to the testimony of M.B. and A.B, the two were standing in their front doorway with M.B. directly in front of A.B. Transcript of trial (T.) at 23. When appellant knowingly swung a clenched fist to punch A.B. he also managed to punch M.B. in the shoulder leaving a bruise. T. 23-24. Even thought M.B. was not appellant's intended target he is nonetheless equally culpable for the harm caused M.B. We therefore find the state produced sufficient evidence to prove appellant acted knowingly.

{¶ 17} Moreover, after a thorough examination of the record, we find this is not a case wherein the trier of fact lost its way in resolving conflicts in evidence or in making its credibility determinations. We therefore find appellant's conviction is not against the manifest weight of the evidence.

{¶ 18} Appellant's sole assignment of error is overruled.

{¶ 19} The judgment of conviction and sentence of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Hoffman, J. concur.

EEW/rw